UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

GREGORY WILLS,
*Defendant.*

No. 3:20-cr-169 (JAM)

**ORDER RE SUPPLEMENTAL BRIEFING**

The defendant Gregory Wills has moved to suppress evidence that was seized pursuant to the execution of a search warrant at 44 Allview Avenue in Norwalk, Connecticut. He argues that law enforcement authorities exceeded the scope of the search warrant when they searched and seized items from a "shed" storage area in the rear curtilage of the property.

It appears to me that the motion to suppress may be subject to denial without a hearing on the ground that Wills has failed to carry his initial burden to show that the search and seizure at issue implicated any of Wills' own interests or rights under the Fourth Amendment. But before so deciding, I am issuing this ruling to invite further submissions from the parties.

"If a criminal defendant seeks to suppress evidence on the ground that the police violated the Fourth Amendment, he must show that the police violated his own Fourth Amendment rights, not the rights of someone else." *United States v. Perez*, 2020 WL 5542677, at *1 (D. Conn. 2020). That is because "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted," and "it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the [exclusionary] rule's protections." *Rakas v. Illinois*, 439 U.S. 128, 133, 134 (1978).

What must Wills show? He must show that law enforcement officers intruded on *his own* person, house, papers, or effects, or that they invaded *his own* reasonable expectation of privacy,

1

or that they meaningfully interfered with *his own* possessory interests in any property. *See United States v. Smith*, 967 F.3d 198, 205 (2d Cir. 2020) (describing requirements for a "search" or "seizure" implicating rights under the Fourth Amendment).

Wills argues that there is a "disputed issue of fact" about whether the law enforcement officers engaged in any activity that implicates his own Fourth Amendment interests.[1] But this argument overlooks that the burden falls on a criminal defendant who seeks to suppress evidence to make an initial showing of some form of intrusion on his own rights that are subject to constitutional protection. *See, e.g., United States v. Delva*, 858 F.3d 135, 148 (2d Cir. 2017) ("As a procedural matter, a defendant seeking suppression of evidence found without a search warrant must show that he had a reasonable expectation of privacy in the place or object searched."); *United States v. Salaman*, 2021 WL 5298075, at *3 (D. Conn. 2021) (describing defendant's "initial burden" for purposes of a motion to suppress).

So far as I can tell from the parties' submissions, Wills has no personal Fourth Amendment rights or interests that were affected by the search and seizure of evidence anywhere at 44 Allview Avenue. The record suggests that someone named Anthony McCoy lived at the house, and that Wills stayed at another house not far away.[2] Nothing suggests that Wills owned 44 Allview Avenue or lived there or stayed there as an overnight guest. *See, e.g., Minnesota v. Olson*, 495 U.S. 91, 95–100 (1990) (defendant had reasonable expectation of privacy as overnight guest in someone else's home).

Wills' briefing asserts that law enforcement officers searched "*his* locked shed."[3] But—as Wills' counsel is well aware from prior case experience—the unsworn statements of counsel

---

[1] Doc. #58 at 5 n.1.
[2] Doc. #43-2 at 15, 17, 18 (¶¶ 19, 22, 26); Doc. #43-3 at 5.
[3] Doc. #43-1 at 1 (emphasis added); Doc. #58 at 1 (same).

about the facts are not enough to justify an evidentiary hearing or to support a motion to suppress. *See United States v. Maye,* 2022 WL 1078212, at *3 & n.41 (D. Conn. 2022); *United States v. Rhoades*, 2016 WL 11778136, at *2–3 (D. Conn. 2016).

To the extent the record shows that Wills periodically accessed the storage space at 44 Allview Avenue to retrieve items, it does not appear that such transitory access to another person's space for a business or commercial purpose gives rise to an interest protected under the Fourth Amendment. *See Minnesota v. Carter*, 525 U.S. 83, 90–91 (1998) (defendants did not have a protected Fourth Amendment interest against observation by the police of them bagging cocaine in someone else's home). Similarly, to the extent that Wills makes no claim of ownership or other possessory interest in any of the items seized from the storage space, it does not appear that the seizure of the items themselves implicates his Fourth Amendment interests. *See Perez*, 2020 WL 5542677, at *3 (citing and discussing *Rakas*, *supra*, and *United States v. Smith*, 621 F.2d 483 (2d Cir. 1980)).

In short, it appears that Wills has not carried his initial burden to show that law enforcement officers engaged in any activity that implicates his Fourth Amendment rights. But in the event that I am mistaken, the parties are invited to file supplemental memoranda by **June 24, 2022**, and to file any responses to each other's submissions by **July 15, 2022**.

It is so ordered.

Dated at New Haven this 25th day of May 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge
